### In the Matter of ANONYMOUS.
### No. 49S00–9407–DI–622.

Supreme Court of Indiana.

Feb. 13, 1995.

Kevin Scionti, Indianapolis, for respondent.

Charles Kidd, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

PER CURIAM.

This case came before us on the *Verified Information and Motion for Order to Show Cause Why Respondent Should not be Held in Contempt of Court* filed by the Indiana Supreme Court Disciplinary Commission. This Court suspended the respondent from the practice of law by two distinct orders of suspension. First, the respondent was suspended for failure to pay his attorney registration fee and later for failure to comply with mandatory continuing legal education requirements.

Some time after his suspension the respondent wrote a letter on behalf of his employer to the Court of Common Pleas in Delaware County, Ohio, where an action had been filed against respondent's employer. In his letter,

the respondent requested an extension of time within which to answer plaintiff's complaint so that the defendant, respondent's employer, could engage local counsel. The respondent signed the letter as attorney for the defendant, although he was suspended from the practice of law. Thereafter, the respondent met his professional requirements and is again a member of the Bar in good standing.

In response to the Commission's Motion, this court ordered the defendant to appear and show cause why he should not be held in contempt of this court. The respondent appeared as ordered and presented this court with his written and oral statement. The case was concluded, and this Court entered an order finding the respondent in contempt of this Court's orders of suspension. This anonymous opinion is intended to give further guidance to the Bar and to set forth this Court's policy regarding the practice of law after suspension.

The facts are not disputed. The respondent was hired by his employer to work as a broker. Although respondent's legal training was a positive qualification, he was not hired as an attorney and was not expected to practice law. At some point during his employment, respondent's employer showed respondent a complaint filed against the employer in the Ohio Court of Common Pleas and told respondent that the employer will need to engage local counsel. The respondent called counsel for the plaintiff and asked for time within which respondent's employer could hire local counsel. The respondent advised that he had been an attorney but was not one currently. Plaintiff's counsel was agreeable and suggested that the respondent write his request to the clerk of the court. Thereafter, the respondent wrote the letter requesting extension of time and signed his name as attorney for the defendant.

The respondent stated that, on reflection, he realized the implications embodied in signing his name as attorney for a party, and he assured this Court that the action will not recur. The respondent testified that his intent was not to represent himself as counsel for the defendant but to indicate his education and background. Neither he nor his employer intended for him to represent the employer in the litigation. Respondent expressed his sincere remorse and apology.

We find that the respondent's letter wherein he identified himself as attorney for one of the parties is sufficient to establish contempt of this court's orders of suspension. The charge is a serious one, involving a degree of misrepresentation. However, the weightiness of respondent's act is very modest in light of all the circumstances of this case. We note that respondent's employer was aware the respondent could not represent his employer and the employer intended to retain other counsel. We are also mindful that respondent's conduct did not result in harm to the public, his client, or the opposing party. The respondent was engaged in the practice of law from 1963 to 1988 without any disciplinary or contemptuous incidents. Given respondent's overall professional and personal record, and his remorse, this court entered a finding of contempt and assessed costs against the respondent, but did not impose other penalties.

SELBY, J., not participating.