**In the Matter of the CONTEMPT OF the Supreme Court of Indiana, Stephan J. LUSTINA, Respondent.**

No. 45S00–9703–CO–171.

Supreme Court of Indiana.

July 21, 1997.

PER CURIAM.

■ This matter comes before this Court on an *Order to Appear and Show Cause* directing the respondent, Stephan J. Lustina, to appear and show cause why he should not be held in contempt of this Court. This Court has inherent and statutory authority to punish contempt of Court by fine and imprisonment. IC 33–2–1–4; *In re Curry*, 673 N.E.2d 755 (Ind.1996); *In re Crumpacker*, 431 N.E.2d 91 (Ind.1982).[1]

The respondent was admitted to the Bar of this state in 1972. On April 6, 1995, he was suspended from the practice of law for a period of not less than one (1) year, without automatic reinstatement, for several violations of the *Rules of Professional Conduct for Attorneys at Law. In re Lustina*, 647 N.E.2d 317 (Ind.1995). He has not been reinstated to the practice of law.

The Disciplinary Commission filed a two-count *Verified Information and Order to Show Cause why Respondent Should not be Held in Contempt of Court* on March 4, 1997. In response thereto, this Court issued an *Order to Appear and Show Cause* on May 16, 1997, directing hearing to be held on June 17, 1997, before a panel of Justices Dickson and Selby. At hearing, the respondent appeared in person without counsel, and the Disciplinary Commission appeared by staff attorney Robert C. Shook. Based on the testimony and documentary evidence presented at hearing, this Court now finds as follows.

■ At hearing, the respondent submitted an *Affidavit of Resignation* from the bar of this state. In it, he states, *inter alia*, that he acknowledges that the material facts alleged in the Commission's *Verified Information* alleging contempt of this Court are true. We accepted the tendered affidavit as an exhibit in this case and only for the purpose of the respondent's admissions relative to the alleged contempt. The proffered affidavit contains the elements necessary for resignation in the face of pending attorney disciplinary proceedings. *See* Ind.Admission and Discipline Rule 23, Section 17(a).[2] Since the present matter is an action based on allegations of contempt of this Court, we will not accept the affidavit in this matter as a resignation from the bar. Should the respondent desire to resign from the bar, he should resubmit his resignation in an appropriate context for full consideration by this Court.

■ As to Count I of the *Verified Information*, we now find that in 1995, a mother (the "mother") and her former husband (the "former husband") agreed that the former husband would relinquish custody of the couple's minor child. To that end, they sought an attorney to prepare an agreed change of custody. In the past, the respondent had represented the mother's current husband regarding unrelated matters. In July of 1995, the respondent indicated that he would prepare the necessary documents for an agreed change of custody on behalf of the mother and her former husband. The respondent also spoke to the former husband about the contemplated arrangement. The former husband wrote a check in the amount

---

1. Indiana Code Section 33–2–1–4 provides that this Court has full power to punish for contempt of its authority and process.

2. That provision provides, *inter alia*, that "[a]n attorney who is the subject of an investigation into, or a pending proceeding involving, allega-

tions of misconduct may resign as a member of the bar of this Court, … but only by delivering to the Court an affidavit stating that the respondent desires to resign or to consent to discipline …"

of $250 to the respondent as payment for preparation of the agreed entry and any other services attendant thereto. The respondent endorsed and negotiated the check. After executing the agreed change of custody document, the mother noticed that the attorney signature line contained the name of an attorney, not the respondent. She contacted the attorney and learned that the attorney had not prepared the document and had no knowledge of it. In September of 1995, the mother contacted the respondent to learn why the attorney's name, and not the respondent's, appeared on the agreement. The respondent informed her that he was "barred" from appearing in court but that he was still able to practice law. The respondent never informed the mother or the former husband that he was suspended from the practice of law in this state. We find that by holding himself out to the mother and the former husband as an attorney and preparing the agreed change of custody on their behalf while suspended from the practice of law, the respondent acted in a representative capacity constituting the practice of law in violation of this Court's 1995 order. We conclude, therefore, that the respondent is guilty of indirect contempt of this Court by his actions under Count I.

■ Indiana Admission and Discipline Rule 23(26)(b) provides that an attorney who has been suspended from the practice of law pursuant to that rule must, within twenty (20) days of the date of the notice of the suspension, file with the Court an affidavit showing that (1) all pending matters of clients requiring the attorney's services during the period of suspension have been placed in the hands and care of an attorney admitted to practice before this Court with the consent of the client; and (2) that clients not consenting to be represented by substitute counsel have been advised to seek the services of counsel of their own choice.

Pursuant to Count II of the *Verified Information,* we now find that a diligent search by the Clerk of this Court failed to indicate that the respondent filed the requisite affidavit following notice of his April 6, 1995, suspension. Accordingly, we find that the respondent is guilty of indirect contempt of court by failing to abide by this Court's rule directing him to file an affidavit upon suspension, as such conduct constitutes contempt of this Court's authority and process.

### PUNISHMENT

■ Having found that the respondent is guilty of contempt of this Court, we must now determine an appropriate punishment. Several factors are significant in this assessment. The respondent admits that he provided legal services to individuals during a time when he knew he was suspended and in direct contravention of this Court's order. However, we are not convinced that the respondent intended to circumvent this Court's order of suspension but rather that he wished to help a former client. At hearing, his professed desire to resign from the bar of this state reflects genuine remorse over his actions. In past contempt actions, this Court has viewed genuine remorse as a factor which may temper the severity of the contemptuous conduct. *See, e.g., Curry,* 673 N.E.2d at 757; *In re Anonymous,* 646 N.E.2d 666, 667 (Ind.1995). Under Count II, we are convinced that his failure to file the requisite affidavit was the result of mere inadvertence. We base that conclusion on testimony that the respondent transferred his clients' cases to another attorney prior to the effective date of his suspension. In light of the foregoing, we conclude that, under the circumstances of this case, it is appropriate to impose no punishment. However, we find further that costs of the prosecution of this proceeding should be assessed against the respondent.

IT IS, THEREFORE, ORDERED that the respondent, Stephan J. Lustina, is found to be in indirect contempt of this Court.

IT IS FURTHER ORDERED that costs of the prosecution of this proceeding are assessed against the respondent.